## A02A0479. DOCKERY v. THE STATE.
(558 SE2d 740)

Phipps, Judge.

Markel Dockery challenges the validity of his guilty plea in his appeal from the trial court's denial of his motion to withdraw the plea. As the court was authorized to find that the State carried its burden of "showing on the record of the guilty plea hearing that [Dockery] was cognizant of all of the rights he was waiving and the possible consequences of his plea,"[1] we affirm.

Dockery was charged with armed robbery and possession of a firearm during the commission of a crime. At trial, he decided to enter an open-ended guilty plea to the charges. A plea hearing was held. Defense counsel and the trial judge explained to Dockery that the court was obligated to sentence him to serve a minimum of ten years without possibility of parole for armed robbery and to serve a consecutive but parolable five-year term on the firearm charge. When the trial judge asked Dockery whether he wanted to plead guilty or proceed with the trial, he gave an inaudible response and then said, "open-ended plea." At the plea hearing, Dockery answered an array of routine questions to establish that he was not under the influence of alcohol or drugs, that he was entering the guilty plea with an understanding of the charges, possible sentences, and terms of the plea, and that he was entering the plea voluntarily and with knowledge of the rights he was waiving.

About two months after the hearing, Dockery filed a pro se motion to withdraw his guilty plea on grounds it had not been made knowingly or intelligently. At a hearing on the motion to withdraw, Dockery testified that his attorney had told him that he would not have to serve ten years and that he, Dockery, had thought he would be eligible for parole, even though he may have been told otherwise. Counsel testified that (as shown by the record) he told Dockery that the armed robbery charge carried a minimum sentence of ten years without possibility of parole. The trial court denied the motion to withdraw. Because the State has carried its burden of establishing the validity of the guilty plea on the record, and because resolution of conflicts in the testimony of the witnesses was for the trial court, we affirm.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

Decided January 4, 2002.

*Zipperer & Lorberbaum, Eric R. Gotwalt*, for appellant.

---

[1] *Cazanas v. State*, 270 Ga. 130, 131 (508 SE2d 412) (1998).

*Spencer Lawton, Jr., District Attorney, Christine S. Barker, Assistant District Attorney*, for appellee.